BEFORE THE FIRST DIVISION, OCTOBER 4, 1950

**No. 54721.**—Marshall Field & Company *v.* United States, petitions 6665–R and and 6666–R (Chicago).

MOLLISON, Judge: These are petitions filed under the provisions of section 489 of the Tariff Act of 1930 for the remission of additional duties accruing by reason of the final appraised values of certain merchandise exceeding the entered values thereof.

Both cases have been submitted for decision upon a stipulation of counsel which recites substantially the following facts: The merchandise covered by the entries involved herein was of a kind which in England, the country of exportation, was subject to the British purchase tax. At the time the entries involved were made the question of whether the British purchase tax was, for United States customs tariff administration purposes, to be considered a part of the value of imported merchandise had not been determined by the responsible authorities of the Treasury Department, and upon entry of the said merchandise no amounts for the said tax were included in the entered values by the entrant.

Subsequently, the merchandise was appraised at higher values which included the said British purchase tax, whereupon timely appeals for reappraisement were filed. Upon the final decision in the case of *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334, in which case it was held that such tax was not a proper part of the value, stipulations of submission were prepared by the attorney (since deceased) for the petitioner in the reappraisement cases in which it was inadvertently recited that the proper dutiable values were "the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases." Such recitations would have been proper in situations involving so-called duress entries made under the provisions of section 503 (b) of the Tariff Act of 1930 (19 U. S. C. § 1503 (b)) wherein the importer certifies at the time of entry that he has entered the merchandise at a higher value than the value as defined in said act because of advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, which was not the situation here involved, inasmuch as the importer had not included the amounts for the British purchase tax on entry and had not made any such certification as is provided for in section 503 (b), *supra*.

The stipulations as prepared by the attorney for the petitioner were entered into and resulted in judgments of this court in accordance with their provisions. Upon liquidation of the entries in accordance with the judgments it was found by the collector that there had not been any additions made by the importer on entry which could be deducted from the appraised values, and he thereupon liquidated the entries on the basis of the appraised values, which included the British purchase tax.

By the automatic operation of the provisions of section 489 of the tariff act, there consequently accrued on liquidation the additional duties for undervaluation here sought to be remitted.

We are satisfied from the record as made that entry at less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States, to conceal or misrepresent the facts of the cases, or to deceive the appraiser as to the value of the merchandise, and we so find.

Judgment will therefore issue granting the petitions accordingly.